**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAIB IBRAHIM,<br><br>      Plaintiff,<br><br>      v.<br><br>SALIL PAREKH, *et al.*,<br><br>      Defendants. | Civil Action No. 24-9001 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on two separate motions.[1] The first is Plaintiff Taib Ibrahim's ("Plaintiff") Motion to Remand. (ECF No. 14.) The second is Defendant Salil Parekh's ("Parekh") Motion to Dismiss. (ECF No. 16.) Defendants Parekh and Infosys Limited ("Infosys") (collectively, "Defendants") opposed Plaintiff's Motion to Remand (ECF No. 17), and Plaintiff replied (ECF No. 21). Plaintiff opposed Parekh's Motion to Dismiss (ECF No. 18), and Parekh replied (ECF No. 20). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Plaintiff's Motion to Remand is denied, and Parekh's Motion to Dismiss is granted.

---

[1] Although Plaintiff filed his oppositions as motions, the Court construes them as opposition briefs. (*See* ECF Nos. 18, 21; *see also* ECF No. 22 ("Because some briefing has been erroneously filed with a 'motion' designation, it may appear that there are more than two pending motions on the docket, which there are not.").)

I.  **BACKGROUND**[2]

Plaintiff is an African American male who lives in Brooklyn, New York. (Compl. *14, *18, ECF No. 1.)[3] Between 2019 and 2023, Plaintiff worked at Infosys, a foreign corporation headquartered in India (Disclosure Statement, ECF No. 3), participating in various work projects involving public corporations such as Goldman Sachs, CVS, and Bank of America (Compl. *14, *16.) During that period, Plaintiff faced work performance allegations about his mental and genetic limitations, becoming a repeated target of rumors and stereotypes based on racial, ethnic, national origin, and gender differences. (*Id.* at *26, *31, *34.)

The work performance allegations began in October 2019. (*Id.* at *14.) While working on a project for Goldman Sachs, Plaintiff was purportedly singled out because he was the only African American man who spoke English among Indians who spoke Hindi. (*See id.* at *14, *18.) Managers who worked at Infosys, who were also Indian, allegedly made Plaintiff out to be mentally and genetically inferior to Indians (*id.* at *22), which purportedly led to his termination from the Goldman Sachs project (*see id.* at *14).

Plaintiff continued to face discrimination in March 2021, while working on a project for CVS, when managers, who were Indian, instructed Plaintiff to be "released" from the project based on his ongoing complaints. (*Id.* at *16.) Plaintiff first complained to Infosys's Human Resources ("HR") department about these instances of discrimination. (*Id.* at *30, *34.) Plaintiff alleges that those complaints backfired, resulting in HR transferring Plaintiff across multiple client projects and reducing his bi-weekly pay. (*Id.*) Plaintiff then filed a wage complaint with the New Jersey

---

[2] For the purpose of considering the instant motions, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[3] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

Department of Labor in July 2022. (*Id.* at *28.) Approximately a year later, on June 9, 2023, Plaintiff was ultimately terminated from Infosys. (*Id.* at *14.)

On July 8, 2024, Plaintiff, proceeding pro se, filed suit against Defendants in the Superior Court of New Jersey. (*Id.* at *14.) The Complaint alleges violations for wrongful termination, violations of Titles VI and VII of the Civil Rights Act of 1964, and violation of the National Labor Relations Act ("NLRA"). (*Id.* at *14, *30, *38.) Defendants timely removed the action to this Court, invoking federal question and diversity jurisdictions. (Notice of Removal ¶¶ 2-3, ECF No. 1.) Plaintiff subsequently moved to remand (ECF No. 14), and Parekh moved to dismiss (ECF No. 16). Defendants opposed Plaintiff's Motion to Remand (ECF No. 17), and Plaintiff replied (ECF No. 21). Plaintiff opposed Parekh's Motion to Dismiss (ECF No. 18), and Parekh replied (ECF No. 20). The motions are now ripe for review.

**II.     LEGAL STANDARD**

**A.     Motion to Remand**

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" After a matter is filed in state court, a defendant may remove any action over which the federal courts have jurisdiction. 28 U.S.C. § 1441(a). The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* For removal to be proper, a federal court must have original jurisdiction; that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States[,]" or there must be complete diversity between the parties and the amount in controversy

3

must exceed $75,000.00. *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)); *see also* 28 U.S.C. §§ 1331, 1332.

### B.     Motion to Dismiss

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Federal Rule of Civil Procedure[4] 12(b)(5), a party may file a motion asserting insufficient service of process as a defense. Rule 4 establishes the procedural requirements that must be met for proper service under Rule 12(b)(5). "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1. 2008) (quoting *Carpenter v. Young*, No. 04-927, 2004 WL 1858353, at *2 (E.D. Pa. Aug. 3, 2004)), *aff'd*, 364 F. App'x 791 (3d Cir. 2010). "A pro se plaintiff's ignorance of the requirements of [R]ule 4([f]) do[es] not constitute good cause for failure to comply . . . ." *Sykes v. Blockbuster Inc./Viacom*, No. 04-6260, 2006 WL 286785, at *1 (D.N.J. Feb. 3, 2006) (citing *Carlton v. Bullet*, No. 85-3546, 1989 WL 125365 (D.N.J. Oct. 16, 1989)), *aff'd sub nom.*, *Sykes v. Blockbuster Video*, 205 F. App'x 961 (3d Cir. 2006).

---

[4] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

4

**III.   DISCUSSION**

For the following reasons, Plaintiff's Motion to Remand is denied, and Parekh's Motion to Dismiss is granted.

**A.   Motion to Remand**

The Court first considers Plaintiff's Motion to Remand since it directly invokes questions as to this Court's jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter[.]").

Having considered the parties' submissions, the Court finds that removal was proper. For removal to be proper on the basis of federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Voltz v. Somerset Cnty. Jail*, No. 20-13695, 2021 WL 1986459, at *2 (D.N.J. May 18, 2021) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)). Simply put, it is a bedrock principle that for a case to arise under federal law, the well-pleaded complaint must contain a question arising under federal law. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

In the Complaint, Plaintiff brings claims against Defendants for wrongful termination, violations of Titles VI and VII of the Civil Rights Act of 1964, and a violation of the NLRA. (*See generally* Compl.) Thus, at the time Defendants removed the instant matter to this Court, the Court had federal question jurisdiction by virtue of Plaintiff's claims asserted under Title VI and Title VII of the Civil Rights Act of 1964, and the NLRA, 29 U.S.C. §§ 151, *et seq.* (Compl. *38 ("These racial/ethnic unjust actions targeted at [Plaintiff] as a US[-]born citizen are non-compliant with [] Title VI, VII, Human rights, [e]qual pay, and [the NLRA]."). These statutes confer federal question

jurisdiction over Plaintiff's claims. *See Antonelli v. Gloucester Cnty. Hous. Auth.*, No. 19-16962, 2019 WL 5485449, at *3 (D.N.J. Oct. 25, 2019) (finding that claims arising under Title VI of the Civil Rights Act of 1964 invoke federal question jurisdiction); *Triandafilou v. Kean Univ.*, No. 10-3798, 2011 WL 6071942, at *1 (D.N.J. Nov. 30, 2011) (finding that claims arising under Title VII of the Civil Rights Act of 1964 invoke federal question jurisdiction); *Cumberland Cnty. Guidance Ctr. v. Amalgamated Loc. 2327*, No. 96-1224, 1997 WL 583110, at *4 (D.N.J. June 5, 1997) (finding that claims arising under the NLRA involve a federal question and confer jurisdiction).

Moreover, in any action where district courts have original jurisdiction, they also have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a); *see also New Rock Asset Partners v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1507-08 (3d Cir. 1996). At the time Defendants removed the case to federal court, therefore, this Court had original and supplemental jurisdiction over Plaintiff's entire complaint. Accordingly, Plaintiff's Motion to Remand is denied.[5]

**B.    Motion to Dismiss**

Having denied Plaintiff's Motion to Remand, the Court now turns to Parekh's Motion to Dismiss. In moving to dismiss, Parekh argues that: (1) the Court lacks personal jurisdiction over him; and (2) Plaintiff failed to properly serve him with a Summons and Complaint.)[6]

---

[5] Having found that federal question jurisdiction exists, the Court declines to address Plaintiff's arguments as they pertain to diversity jurisdiction.

[6] Although the Court notes that Parekh alternatively requests the Court to dismiss Plaintiff's Complaint under Rule 12(b)(6) (Parekh Moving Br. 7, ECF No. 16-1), the Court does not reach the merits, finding that Plaintiff failed to properly serve Parekh.

A "plaintiff bears the burden of demonstrating the facts that establish personal jurisdiction[.]" *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (citing *Mellon Bank (East) PSFS Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). "For a court to exercise personal jurisdiction over a defendant, the defendant must be served process, alerting the defendant to the pendency of the suit and the nature of the claims against [him]." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 381 (3d Cir. 2022) (citing cases), *cert. denied*, 143 S. Ct. 1001 (2023). Service of a summons is the procedure by which a court having venue and subject matter jurisdiction asserts jurisdiction over the person of the party served. *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946). "The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case." *Ayres v. Jacobs & Crumplar*, 99 F.3d 565, 569 (3d Cir. 1996). The Court, therefore, begins its analysis under Rule 12(b)(5) to discern whether Parekh was properly served under the Rules.

Plaintiff argues that "Parekh . . . ha[d] been served properly [because he has] dual citizenship [in] the state of Texas" and India.[7] (Pl.'s Opp'n Br. 19, ECF No. 18.) Plaintiff provides an affidavit of service, which indicates that the process server effectuated service on Parekh at Infosys's Texas location, by and through Latricia Griffin, who is authorized to accept service as the office administrator. (*See* Aff. Serv. *36, ECF No. 19.) Parekh counters that service in Texas is improper because it is not personal service outside the United States to a foreign defendant under Rule 4(f). (*See* Parekh's Reply Br. 3, ECF No. 20; Disclosure Statement 1, ECF No. 3 ("Parekh is a citizen of India.").)

---

[7] Although Plaintiff contends that Parekh is a "dual citizen of Texas," the Complaint is devoid of any allegations whatsoever regarding Parekh—let alone where he is a citizen. (*See generally* Compl.)

Here, the Court finds that Plaintiff failed to effectuate service on Parekh in accordance with Rule 4. First and foremost, Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); *see Apexco PPSI, LLC v. De Herdt*, No. 19-5989, 2021 WL 1649895, at *1 (E.D. Pa. Apr. 27, 2021) (stating that the plaintiff bears the responsibility to ensure compliance with Rule 4(c)(1)). Plaintiff's attempt to effectuate service on Parekh did not include a copy of the Complaint (*see* Parekh's Reply Br. 3-4; *see also* Aff. Serv. *36 (certifying that a "civil action summons, civil case information statement (CIS), notice of virtual proceeding, demand letter, [and] unsigned severance agreement from Infosys" was served on Parekh)), and therefore process was insufficient. This, however, is not the only deficiency with Plaintiff's service attempt on Parekh.

Next, Plaintiff cannot serve Parekh as an individual defendant through his employer's agent. *See Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *5 (D.N.J. Sept. 30, 2013) (finding that a plaintiff's attempt to serve individual defendants by serving a copy of the summons and complaint at the defendants' place of employment was improper under the Rules). Under Rule 4, a plaintiff may effectuate proper service on individuals domiciled in the United States by either following appropriate state law, leaving a copy at the defendant's dwelling or usual place of abode, serving the individual personally, or serving an authorized agent. *See* Fed. R. Civ. P. 4(e). Even assuming that Parekh is domiciled[8] in Texas, which he is not, Plaintiff still fails to demonstrate that Parekh was served properly under Rule 4(e). Plaintiff's affidavit of service indicates that "service of process was executed [on] Parekh[] by and through Latricia Griffin[,] who is authorized to accept service as the office administrator" at Infosys's Texas location. (Aff.

---

[8] Although Plaintiff characterizes Parekh's presence in Texas as "dual citizenship," the Court construes it to mean that Parekh is domiciled in Texas. Plaintiff, however, has not provided any evidence to suggest that Parekh is domiciled in Texas.

8

Serv. *36.) Infosys's purported managing agent, however, is not an agent of Parekh; instead, Infosys's agent accepts service on behalf of the corporation—not its employees, i.e., Parekh.[9] As such, even assuming that Parekh is, in fact, domiciled in Texas, Plaintiff failed to properly effectuate service on Parekh under Rule 4(e).

Finally, Plaintiff must serve Parekh in accordance with Rule 4(f) because Parekh is domiciled in India.[10] *See* Fed. R. Civ. P. 4(f). Rule 4(f) provides that service upon foreign defendants must be made in the manner prescribed by the 1965 Hague Convention on Service Abroad (the "Hague Convention") or by foreign law. *Id.* Because "India is a signatory to the Hague Convention," and Parekh is a citizen of India, Plaintiff must serve Parekh in accordance with Rule 4(f)(1). *See Cephalon, Inc. v. Sun Pharm. Indus., Inc.*, No. 11-5474, 2011 WL 6130416, at *2 (D.N.J. Dec. 7, 2011). The Hague Convention requires each signatory to "establish a central authority to receive requests for service of documents from other countries" to streamline service abroad. *Water Splash, Inc. v. Menon*, 581 U.S. 271, 275 (2017) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)). "When a central authority receives an appropriate request, it must serve the documents or arrange for their service, [*Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*,] Art. 5, [Nov. 15, 1965, 20 U.S.T. 361,] and then provide a certificate of service, Art. 6." *Id.*

---

[9] Further, Plaintiff fails to allege or establish that "Latricia Griffin" is an authorized officer or agent to accept service on behalf of Parekh in his individual capacity as required by the Federal and State Rules. *Cephalon, Inc. v. Sun Pharm. Indus., Inc.*, No. 11-5474, 2011 WL 6130416, at *4 (D.N.J. Dec. 7, 2011) (explaining that a plaintiff has the burden of establishing that an officer or agent is authorized to accept service on behalf of the defendant).

[10] Parekh is a foreign defendant because he is domiciled in India, where he lives and works. (Decl. of Ameer Brar Prabhakar ¶ 5, ECF No. 16-5.)

The primary means of accomplishing service under the Hague Convention is by depositing the summons and complaint with the receiving country's "Central Authority" designated to receive requests for service of documents from other countries. *See* Art. 2. And, this is true for India.[11] The Hague Convention in India requires that service of process on defendants located in India be effectuated through the Indian Central Authority. *Cephalon, Inc.*, 2011 WL 6130416, at *2. Accordingly, pursuant to the Hague Convention, Plaintiff is required to serve Parekh by serving process on the Indian Central Authority for the Hague Convention, which shall then provide the documents to the appropriate agency through a method prescribed by the internal law of the country. *See* Arts. 3-5.

Because Plaintiff has not effectuated service in accordance with the Hague Convention, Plaintiff has not completed service in accordance with the Rules. Accordingly, Parekh's Motion to Dismiss is granted, and Plaintiff's Complaint is dismissed as to him without prejudice. Plaintiff will be given another opportunity to adequately serve Parekh in a manner consistent with the Rules.[12]

---

[11] Additional methods of service are permissible under Article 10, provided the receiving country has not objected to them. Art. 10. India has objected to alternative service methods and "instead require[s] foreign plaintiffs to effect service through the Central Authority of India." *Merial Ltd. v. CIPLA*, 681 F.3d 1283, 1296 (Fed. Cir. 2012).

[12] Because the Court dismissed the Complaint as to Parekh, the Court need not address Parekh's arguments as they pertain to personal jurisdiction. *See Ayres*, 99 F.3d at 569.

## IV. <u>CONCLUSION</u>

For the above reasons, Plaintiff's Motion to Remand is denied, and Parekh's Motion to Dismiss is granted. An appropriate order will follow this Memorandum Opinion.

/s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**