Reply Brief

United States District Court for the District of New Jersey – Appellate Division Letter brief
Appellate Division Docket Number: MER-L-001358-24
Appellate Division Civil Action No. 3:24-cv-09001-MAS-JBD

Taib Ibrahim
540 Jerome St, Brooklyn, NY 11207
Taib89@gmail.com
(347) 581-3078

08/11/2025

Letter reply brief by: Taib Ibrahim

| | |
|---|---|
| Taib Ibrahim | Plaintiff |
| VS | |
| Infosys Limited | Defendant |

Case Type: Civil

County/Agency: Mercer

Trial Court/Agency Docket No: MER-L-001358-24

Trial Honorable Court Judge/Agency Name: Michael A. Shipp

Dear Honorable Judge Michael A. Shipp:



TABLE OF CONTENTS

PRELIMINARY STATEMENT ……………………………………………………………………………1-4
PROCEDURAL HISTORY…………………………………………………………………………… 4-9
LEGAL ARGUMENT………………………………………………………………………………9-12



**PRELIMINARY STATEMENT**

As a non-Indian black African American male pro-se litigant plaintiff on May 29, 2025 I have received from the District Court of New Jersey a fraudulent Jim Crow/Vagrancy laws and Reconstruction era decision. The Jim Crow/Vagrancy laws and Reconstruction era mirrored decision by the District Court of NJ has been solely based on the practices of generational dysfunctional legal systemic blatant

denial of racial/ethnic, national origin and gender injustices targeted at I Taib Ibrahim for the motion to remand this matter back to the Superior Court of New Jersey (the "Motion to Remand"). This is due to implicit second-class citizenship tactics utilized and practiced by the Courts, government and legal system in the USA. The Caste System/Jim Crow/Vagrancy law based Motion to dismiss was presented as an acceptable course of action for dual citizenship of India and Texas Defendant Salil Parekh's ("Motion to Dismiss") (ECF Nos. 23, 24) to subject plaintiff Taib Ibrahim to second class citizenship tactics used prior and after 1868 as discussed in my initial complaint for Docket Number: MER-L-001358-24 that has been properly served to Infosys principal place of business in Texas and Infosys defendants currently residing in the USA prior to 5/29/2025. The USA Infosys defendants included Caucasian/White female HRs Tracy Campagnano and Kimberly Claiborne along with Indian female HRs Rituparna Das and Reshma Monteiro prior to 5/29/2025 (See pg. 1,4-5 of 550). Ameet Brar Prabhakar and Reshma Monteiro were served in Canada by registered U.S. postal service mail since Ameet Brar Prabhakar is in Canada and Reshma Monteiro decided to move from New York to Canada during the irreconcilable racial/ethnic, national origin and gender differences that Infosys HR Tracy Campagnano spearheaded in 2019 with Caucasian/White Infosys HR Sheila Cernicka (See pg. 378, 533-534 of 550). Plaintiff Taib Ibrahim does not have to file a motion for reconsideration for the Jim Crow/Vagrancy law and Caste System dysfunctional legal systemic practices that has always been fundamental embedded in upholding the legacy of White Supremacy by any means necessary to continue the violation of the constitutional/human rights of black African Americans since this country (USA) has never implemented any rule of law to eradicate White Supremacy. Moreover, those who chose to uphold White Supremacy after slavery ended in 1865 and prior to 1865 also included some African Americans, other racial/ethnic groups and numerous Whites/Caucasians people. These White Supremacy activities from White/Caucasians and other racial/ethnic groups upholding White Supremacy due to fearmongering

spirit, William-Lynch syndrome, indoctrination, etc., correlates to houseslave plantation tactics overtly practices between 1619-1865.

The present motion which Infosys misconstrues as a motion for reconsideration, is not untimely and is most certainly a rehash of the repeated pattern of the generational Jim Crow/Vagrancy law and Caste System dysfunctional legal systemic practices that has always been fundamental embedded in upholding the legacy of White Supremacy by any means necessary in the USA. The generational dysfunctional legal systemic practices and various unjust institutions in the USA continue the violation of the constitutional/human rights of black African Americans from when the slave ships first started arriving from Africa to the USA from around 1619. This has been done by continuously subjecting African Americans to implicit second-class citizenship tactics by any means necessary after 1868. I Taib Ibrahim the plaintiff had been enduring constitutional/human rights violations along with unjustly employment institutional practices while I was employed at Infosys from 11/20/2017-6/9/2023 solely because of the generational stereotypes/biases due to it being obvious that I'm a non-light skin black African American male with coarse hair texture while employed at Infosys. In a paraphrase that is very similar to the verbal communication by attorney/minister Bernice King who is the daughter of assassinated Martin Luther King, she clearly discussed that the fight for racial justices has gone on for several generations and that we still have several more generations of fighting to go as black African Americans on 8/28/2023 on television. Bernice King expressed this communication during the topic of the sixty-year celebration of her father's march on Washington. Attorney Bernice King also discussed the barriers within the legal/judicial system and institutions on 8/28/2023 at the hands of systemic White Supremacy structures and systems that the Courts and the Honorable Judge Michael A. Shipp failed to acknowledge within the NJ District Courts and legal systems as a whole. To the contrary of the Courts and the Honorable Judge Michael A. Shipp presenting himself at this juncture as lacking the

confidence as a non-dark skin male, several women have been able to exhibit more confident to not be complicit/enabler of the systemic generational legal dysfunctional systemic barriers of White Supremacy. Some of these people include the Honorable Judge Ashleigh Parker Dunston, attorney Nekima Levy Armstrong, etc., by being more courageous in their communication to discuss the legacy of global White Supremacy negative impacts on black African Americans and other marginalized people just like attorney Bernice King. Therefore, it is very obvious at this juncture that White/Caucasian Infosys current legal representation Clayton D. Harvey, Samantha M. Rollins Murphy and Terran C. Chambers believe that as a non-Indian black African American male, I Taib Ibrahim deserve to be subjected to the legal/judicial systemic and institutional barriers that attorney Bernice King discussed are presented to black African Americans within the legal/judicial system since I have re-hash my communication based on their severe cognitive dissonance. The severe racial cognitive dissonance by defendant attorneys repeatedly upholding the barriers of legally practiced White Supremacy and institutionalized injustices targeted at I Taib Ibrahim as the pro-se litigant plaintiff that Infosys HR manager Tracy Campagnano spearheaded starting in the year of 2019 makes it logical into why I'm reiterating the same communications as a descendent of a formerly enslaved race from the African diaspora. Accordingly, for these reasons, and as explained further below the implicit Jim Crow/Vagrancy law and Caste System/Ku Klux Klan opaque motion tactics cannot be denied to continue the diabolic legacy of systemic legal practices of the legacy of global White Supremacy.

## PROCEDURAL HISTORY

On October 6, 2024, as the plaintiff I filed a motion to remand since summons for defendants (Infosys, Salil Parekh, Tracy Campagnano, Kimberly Claiborne, Rituparna Das and Reshma Monteiro) residing across various jurisdictions takes a reasonable amount of time. Therefore, courts are extending

time and must allow a party a reasonable time to cure as outlined under Federal Rules of Civil Procedure 4, Rule 71.1(d)(3)(A), 71.1(i)(1)(C), 28 U.S.C. §1608, etc., irrespective of me being a non-light skin black African American male with coarse hair texture that does not feel inferior to the White/Caucasian race or other racial/ethnic groups that subscribes to White Supremacy. (ECF Nos. 14 to 14-5). On October 21, 2024 Infosys filed the Jim Crow/Vagrancy laws and Reconstruction era tactic opposition to the Motion to Remand (ECF Nos. 17 to 17-4) through firm Faegre Drinker Biddle & Reath LLP (Slave owner/plantation beneficiary law firm) since firm Littler Mendelson, P.C. informed me on 9/28/2024 and 10/29/2024 through Jonathan M. Carrillo (N.J. Bar No. 032272012) and Lauren Jill Marcus (NJ Bar No. 030012009) that they would no longer represent Infosys based on the irreconcilable racial/ethnic, national origin, genetic information and gender differences that I outlined that Infosys HR manager Tracy Campagnano spearheaded that Infosys CEO Salil Parekh enabled starting in the year of 2019. Firm Faegre Drinker Biddle & Reath LLP was founded in Philadelphia, PA in 1849 by John Christian Bullitt. Founder John Christian Bullitt comes from a political family background along with a family background of having *slave plantations* that owned slaves for over *forty years*. John Christian Bullitt grandfather Alexander Scott Bullitt was the president of Kentucky's first constitutional convention and his father, William C. Bullitt, was a member of Kentucky's Constitutional Convention of 1850. John Christian Bullitt grandfather Alexander Scott Bullitt was a slave owner and Alexander Scott Bullitt youngest son Williams Christian Bullitt inherited the slave plantation in 1816 that he oversaw for over forty years with numerous slaves. Hence, defendant attorneys of Infosys Clayton D. Harvey, Samantha Rollins Murphy and Terran C. Chambers of Faegre Drinker Biddle & Reath LLP are trying to maintain their racial *oppressive legacy of global White Supremacy* of the law firm they work for to fulfill Indian Infosys CEO Salil Parekh *discriminatory* agenda carried out through White/Caucasian Infosys HRs Tracy Campagnano and Sheila Cernicka spearheading holding onto irreconcilable racial/ethnic, national origin, genetic information and gender differences targeted at I Taib Ibrahim starting in the year of 2019 in an **insidious**

manner since they are aware that I'm a **non-light skin** black African American male. The **insidious** legacy of **White Supremacy** that current attorneys Clayton D. Harvey, Samantha Rollins Murphy and Terran C. Chambers are hoping that they can fulfill is **disregarding** *Article IV.* Relevancy and its Limits **N.J.R.E. 401**. Definition of "Relevant Evidence", **N.J.R.E 402.** Relevant Evidence Generally Admissible along with *Article IX.* Authentication and Identification, **N.J.R.E. 901.** Requirement of Authentication or Identification and **N.J.R.E. 902.** Self-Authentication is granted to I Taib Ibrahim as a non-Indian black African American male since we are way past the year of **1868** as discussed in my filed complaint for docket number MER-L-00358-24. Therefore, based on what has just been stated I Taib Ibrahim as the plaintiff filed a reply to further support my Motion to Remand on October 28, 2024 (ECF Nos. 21 to 21-1).

On October 11, 2024 Defendant Salil Parekh filed the legally erroneous Motion to Dismiss for (1) lack of personal jurisdiction, and (2) failure to properly serve the summons and complaint, and (3) failure to state a claim. (ECF Nos. 16 to 16-6). I Taib Ibrahim the Plaintiff filed the opposition on October 21, 2024 (ECF Nos. 18 to 18-1), and Mr. Parekh filed his reply in further support of the legally erroneous Motion to Dismiss (ECF Nos. 20 to 20-1) on October 28, 2024 despite I did state claim to former defendant attorney Dimitrios T. Markos and Infosys legal counsel Janeta Zurakowski on 9/3/2024 for a settlement email communications we exchanged and on July 3, 2025 through the Hague Convention (See pg. 179, 244-245 of 550, Hague_IndiaService.pdf).

On May 29, 2025, this Court issued an erroneous opinion (ECF No. 23) and order (ECF No. 24) denying the Motion to Remand and granting a implicit Jim Crow/Vagrancy law and Reconstruction era tactic Motion to Dismiss targeted at I Taib Ibrahim as a non-light skin black male to subject me back to second class citizen/three fifth human tactics still used after 1868 targeted at black African Americans.

The Court cannot grant Plaintiff Taib Ibrahim only 45 days (until July 13, 2025) to properly serve Mr. Parekh pursuant to Federal Rules of Civil Procedure because we are way past 1868 when African Americans were still allowed to be perceived as second-class citizens/three fifth human by the Fourteenth Amendment (ECF No. 24). Federal Rules and Civil Procedures 4, Rule 71.1(d)(3)(A), 71.1(i)(1)(C), 28 U.S.C. §1608, etc., does not outline that African Americans constitutional and human rights can be violated based on dual citizenship of India and Texas CEO Salil Parekh. Furthermore, Federal Rules and Civil Procedures 4, Rule 71.1(d)(3)(A), 71.1(i)(1)(C), 28 U.S.C. §1608 does not specify time constraints for extending time for serving dual citizenship of India and Texas CEO Salil Parekh since Salil Parekh enabled White/Caucasian USA Citizen Infosys HR manager Tracy Campagnano to spearhead a civil racial, ethnic, national origin, gender and genetic information profiling conspiracy targeted at I Taib Ibrahim across various jurisdictions within the USA (NJ, NY, PA, NC, GA, AZ, RI, TX, etc.) and abroad (India, Canada) with her allies starting in the year of 2019 which is way past 45 days. This only occurred due to the USA legal system/government never implementing any fruitful solution for global White Supremacy being targeted at African American since around 1619 when the slave ships started arriving from Africa to the USA which is way past 45 days. Mr. Parekh principal place of business at 2400 N. Glenville Drive, Suite C150, Richardson, Texas for corporation Infosys based on his dual citizenship which includes the USA state of Texas and abroad India. Therefore, federal court does not lack personal jurisdiction over Mr. Parekh and Infosys Corporation within the state of Texas in accordance with (Rule 4, Rule 71.1 and 28 U.S.C § 1608, etc.). Mr. Parekh is a human being of dual citizenship of Texas and India with his national origin being from India. Plaintiff Mr. Ibrahim is a human being as a descendent of a formerly enslaved race that was illegally/immorally and inhumanely enslaved to the USA under second-class citizenship and three fifth human tactics used prior and after 1868 as African Americans with our national origin being from Africa. In other words, African Americans of the African diaspora was forced to reside within the jurisdiction of the USA but are descendants from the jurisdiction of the

continent of Africa by forced displacement (transatlantic slave trade). However, Mr. Parekh was granted the option to have his principal place of business at 2400 N. Glenville Drive, Suite C150, Richardson, Texas within the jurisdiction of the USA with state citizenship of Texas. Federal Rules and Civil Procedures 4, Rule 71.1(d)(3)(A), 71.1(i)(1)(C), 28 U.S.C. §1608, etc., does not outline rules for people whose national origin is from Indian, Europe or African are different because this would be a human/constitutional rights violation. However, White/Caucasian Infosys current legal representation Clayton D. Harvey, Samantha M. Rollins Murphy and Terran C. Chambers believe that as a non-Indian black African American male with coarse hair-texture that I Taib Ibrahim deserve to be subjected to the legal/judicial systemic and institutional barriers which is unjustly according to constitutional and human rights for all humans irrespective of racial background. Based on what I have stated this outlines the systemic implicit errors, loopholes and negligence in the laws that the courts are not supposed to advocate to support based on the Memorandum opinion drafted on 5/29/2025.

On July 3, 2025 Servable Legal Support Co. in Brooklyn, NY arranged for service of process of summon and complaint for docket number MER-L-001358-24 as prescribed by the 1965 Hague Convention on Service Abroad in accordance with Rule 4, Rule 71.1(d)(3)(A), 71.1(i)(1)(C), 28 U.S.C. §1608, 28 U.S.C. §1608(b), etc. On7/5/2025 Alina Habba the U.S attorney for the district of New Jersey was sent by certified mail at the district of New Jersey main office at 970 Broad Street, 7th Floor, Newark, NJ 07102 in accordance with Rule 4, Rule 71.1 and 28 U.S.C. §1608, etc., summon and complaint for docket number MER-L-001358-24 for CEO Salil Parekh dual citizenship of TX and India. On August 9, 2025 attorney general of New Jersey Matthew J. Platkin was sent by certified mail at R.J. Hughes Justice Complex 25 Market Street, P.O. Box 112, Trenton, New Jersey 08625 in accordance with Rule 4, Rule 71.1 and 28 U.S.C. §1608, 28 U.S.C. §1608(b), etc., summons and complaints for docket number MER-L-001358-24 for CEO Salil Parekh dual citizenship of TX and India (MatthewJPlatkin.pdf). On August 11,

2025 the Secretary of the District of Columbia who also serves as the Secretary of State for the District of Columbia was sent by certified mail to the attention of the Director of Special Consular Services, at the Office of the Secretary in Washington D.C. in accordance with legal procedures for serving documents to foreign states under the Foreign Sovereign Immunities Act at address 2201 C Street, NW, Washington, D.C. 20520 with summons and complaints based on Rule 4, Rule 71.1 and 28 U.S.C. §1608, 28 U.S.C. §1608(b), etc., for CEO Salil Parekh dual citizenship of TX and India. On August 11, 2025 by certified mail summon and complaint was sent a second time but now for Infosys at 777 South Novus Place, Floor 4 and 5, Tempe, Arizona, 85281 for Infosys HR Tracy Campagnano. In addition, at address Wake County Courthouse P.O. Box 351, Raleigh, NC 27602 to the honorable judge Ashleigh Parker Dunston for Infosys HR Kimberly Claiborne in accordance with Rule 4 for docket number MER-L-001358-24 summon and complaint has been sent.

Hence, on July 18, 2025 is when the Alternate Document Submission System for Pro Se Litigants apparently received and reviewed only some of all the documents I submitted through their system for my reply motion of the erroneous Memorandum opinion drafted on 5/29/2025. My reply motion outlined the implicit second-class citizenship tactics that have been continued to be used after 1868 by the Courts towards African Americans in numerous occasions based on the Memorandum opinion drafted on 5/29/2025 (ECF Nos. 27 to 27-3). This is why in my motion I Mr. Ibrahim the plaintiff argued Motion to remand cannot be denied and Mr. Parekh’s Motion to Dismiss cannot be granted since additional defendants are tied to the litigation which eliminated diversity jurisdiction. Final judgement should not be made to uphold the legacy of global White Supremacy that has always been fundamental embedded in the Courts/legal system after 1619 when the slave ships started arriving from Africa to the USA to appease Infosys HR Ms. Campagnano through CEO Salil Parekh being her enabler of her biases and stereotypes. (ECF No. 27-1 at p. 18).

## LEGAL ARGUMENT

### I. The Present Motion is Timely based on insatiable global White Supremacy.

Plaintiff argues that the "Motion to remand cannot be denied" and the "Motion to Dismiss cannot be granted based on my constitutional/human rights (ECF No. 27-1 at p. 18). Plus, the Federal Rules of Civil Procedures outlines the court must extend time for service along with not engaging in legal/judicial malfeasance/impropriety as EEOC investigator Nicole Zamudio has done. EEOC investigator Nicole Zamudio distorted my communication for Infosys HR Tracy Campagnano for maintaining the legacy of global White Supremacy that EEOC staff Michael Heise, Yaw Gyebi, Shynee Eason and others at the EEOC are fully aware of (See pg. 313-360 of 550). (ECF Nos. 23, 24).

Local Civil Rule 7.1(i) of the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey cannot and does not specify towards me as a non-Indian black African American male plaintiff, that a party must serve and file a motion for reconsideration within 14 days after the entry based on the erroneous entry of the order or judgment on the original motion by the Judge due to legal malfeasance and impropriety has already occurred previously. This court has not right to deny I Taib Ibrahim the plaintiff my constitutional/human rights based on the erroneous Motion to Remand and granting of the Motion to Dismiss on May 29, 2025 to subject me back to implicit second-class citizenship/Vagrancy law and black code tactics used after 1868. Therefore, a motion for reconsideration to be filed no later than June 12, 2025 based on the Federal Rules of Civil Procedure and my constitutional/human rights irrespective of my race/ethnicity is not mandatory. This June 12, 2025 Motion for reconsideration reference by Clayton D. Harvey is

a blatant implicit systemic dysfunctional legal White Supremacy, Jim Crow and Ku Klux Klan authoritarian tactic that has always been fundamental embedded in the legal system and government for the disparate outcomes African Americans have faced in this country since around 1619 when the slave ships started arriving from the Africa to the USA.

Plaintiff Taib Ibrahim does not need to request for a motion for reconsideration based on the generationally dysfunctional deflecting legal systemic practices that the government repeatedly fails to comprehend has caused legally disparate circumstances for marginalized people especially African Americans. Systemic global White Supremacy is fundamentally embedded in the legal system and various institutions. The government has allowed morally corrupt legal practices embedded in the legal systems and various institutions based on global White Supremacy that was deliberately always designed to never end Jim Crow/Vagrancy laws, Black Codes, etc., that has lasted way longer than the 14, 28 and 37 days that Clayton D. Harvey references. Clayton D. Harvey is implicitly asserting the benefits he receives from White Supremacy on behalf of Infosys HR Ms. Campagnano and her Infosys allies that CEO Salil Parekh enabled since the year of 2019 (See → *State of Mississippi v J.W. Milam and Roy Bryant, People v. Salaam, 36 Ad3d 969, International Shoe Co. v. Washington, 326 U.S. 310 (1945), Claftin v. Houseman (1876), Mondou v. New York, N.H. & H.R. Co (1912), Testa v. Katt (1947), Prejean v. Infosys Limited et al, No. 1:2020cv08018, Christopher Scott v. The State of Texas, Appellee, State v. Spruell, etc.).*

**II. <u>The Present Motion is a rehash of the blatant systemic legal denial of injustices that has halted the Motion to Remand and to assert that a Motion to Dismiss is unjustly based on systemic legal White Supremacy tactics used since around 1619.</u>**

Plaintiff motion is timely because White Supremacy is legally practiced in the legal system and has no time limits. Systemic legal White Supremacy has been practiced for several generations. White Supremacy has negatively impacted marginalized people especially African Americans by the legal system allowing for evading people's constitutional and human rights. The legal system was designed inappropriately; therefore, nothing needs to be reconsidered when systemic legal White Supremacy practices are systemically engineered to avoid accountability. Plaintiff argues that Ms. Das and Ms. Monteiro are defendants who have been summoned which eliminates diversity jurisdiction because both have resided in the state of New York and New Jersey and Plaintiff Taib Ibrahim resided in the state of New York and New Jersey between the years of 2019-2023 since Infosys HR Ms. Campagnano subjected me to racial/ethnic financial tyranny post May 2021. The racial/ethnic, national origin and gender financial tyranny was based on my complaints of discrimination prior and after May 2021 until my employment lynching occurred on 6/9/2023. In conclusion, based on what has been stated a motion to remand should be granted rather than denied to avoid accountability because of the legacy of legal systemic White Supremacy.

*Taib Ibrahim*